■ In the Matter of NANCY PALMORE, Respondent, v. ARTHUR PALMORE, Appellant.— In a support proceeding under article 4 (§ 411 *et seq.*) of the Family Court Act, by a wife against her husband, the latter, pursuant to permission, appeals from an order of the Family Court, Queens County, dated April 15, 1963, which denied his motion to dismiss the proceeding for lack of jurisdiction of the subject matter. Order reversed on the law, without costs; motion granted and petition dismissed. It appears: (a) that, prior to the institution of the instant proceeding, the wife commenced a matrimonial action in the Supreme Court, in which she obtained an order in October, 1961, which granted her temporary alimony and a counsel fee, and which directed her " to place the case upon the calendar for the next available term; " and (b) that, in November, 1962, having failed further to prosecute her matrimonial action, she instituted the instant support proceeding against her husband in the Family Court pursuant to article 4 of the Family Court Act. The wife's verified petition in that court, in which she prayed for a support order, alleged *inter alia* that: " No previous application had been made to any court or judge for the relief " requested in the petition. A temporary support order was thereafter entered over the husband's oral objection, made on the return day of the Family Court summons, that because of the existence of the Supreme Court order providing for temporary alimony the Family Court lacked jurisdiction to entertain the wife's petition for support. In April, 1963 the husband's formal motion to dismiss the petition, based on the same ground, was denied. We thereafter granted leave to the husband to appeal to this court from such order. Where, as in this case, the Supreme Court has entered an order providing for temporary alimony, and the order is silent concerning its enforcement or modification, the Family Court may not entertain a support proceeding other than one brought pursuant to subdivision (c) of section 466 of the Family Court Act. Here, however, the wife did not, in accordance with said subdivision, either seek to " enforce the order " of the Supreme Court or attempt to " modify " it " on the ground that there had been a subsequent change of circumstances " requiring such modification. Beldock, P. J., Ughetta, Kleinfeld, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JEFF McGHEE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 18, 1963 after a jury trial, convicting him of attempted rape in the first degree, assault in the second degree (two counts), burglary in the first degree and carrying a dangerous weapon as a misdemeanor, and imposing sentence. Judgment reversed on the law and the facts and a new trial ordered. In our opinion, the indictment and conviction for attempted rape in the first degree were not invalid as a matter of law merely because the uncorroborated testimony of the complainant indicated that the rape had been consummated (*People* v. *Wasserbach*, 271 App. Div. 756). However, we are also of the opinion, and the District Attorney concedes, that the court's refusal to permit proof of a prior inconsistent statement by the complainant requires a new trial. The excluded proof cast some doubt on complainant's positive identification of defendant and, in view of the closeness of the testimony on that question, the error was prejudicial and requires reversal of the judgment of conviction. Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.